UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TAMMY RENNA BOWLING and TONY BOWLING, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:03-CV-367 ) (Shirley) |
| WAL-MART STORES, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This is a premises liability case. The plaintiffs have brought suit against Wal-Mart Stores, Inc. ("Wal-Mart"), seeking damages for injuries that the plaintiffs claim Ms. Bowling incurred when she fell in a puddle of water in the sporting goods department of Wal-Mart's Clinton Highway store in Knoxville, Tennessee. The plaintiffs claim that the water was the result of a leak in the roof of the store.

Wal-Mart moves for summary judgment, arguing that there is no evidence that it had either actual or constructive notice of the roof leak that caused the plaintiff to fall. [Doc. 19]. The plaintiffs oppose Wal-Mart's motion, arguing that genuine issues of material fact exist precluding summary judgment. In the alternative, the plaintiffs request that the Court reserve ruling on the motion until the defendant has produced certain documents and the names of certain witnesses so that the plaintiffs may supplement their response. [Doc. 25]. In a telephone conference on November 1, 2005, the parties indicated that the plaintiffs had received the names of these witnesses,

and the Court advised the plaintiffs' attorney that he had thirty days to complete discovery. Thirty days have now passed, plus an additional ten days, during which no supplemental brief or response has been filed. Accordingly, the Court finds it is timely to rule on the defendant's motion for summary judgment. For the reasons that follow, the defendant's motion [Doc. 19] will be **GRANTED**.

I.     **Facts**

The following facts are essentially undisputed. On January 6, 2002, the plaintiff Tammy Bowling, while walking through Wal-Mart's sporting goods department, slipped and fell in a puddle of water on the floor. Ms. Bowling testified that she did not see the water before she stepped in it. She further testified that there was sufficient water puddled on the floor to get her jeans, shirt, and hair wet. She estimated the puddle to be two to three feet in diameter. Ms. Bowling testified that after she fell, she observed water dripping from the roof onto shelves and then onto the floor. Wal-Mart employee Davey Hammond confirmed that the water was leaking from the roof. Mr. Hammond further testified that the employees working in the sporting goods section were required as part of their job to make regular inspections of the aisles and floors to check for any debris or merchandise problems.

Wal-Mart has submitted the affidavit of Scott Nickens, manager of the Clinton Highway Wal-Mart. Mr. Nickens states in his affidavit that (1) Wal-Mart did not construct the building in which the store is located, nor does it own the building; (2) under its lease agreement, Wal-Mart is obligated to pay for most repairs to the building, including repairs to the roof; and (3) following Ms. Bowling's fall, an investigation revealed that "earlier in the day, it had begun to snow,

2

and that, shortly before the plaintiff's accident, a leak had developed in the roof over the sporting goods department." To the best of Mr. Nickens' knowledge, no one at Wal-Mart had any knowledge of the existence of the leak prior to the plaintiff's fall.

On November 30, 2001, approximately five weeks prior to this accident, a leak had been reported over Cash Register No. 6, and was quickly repaired. This leak was in a different part of the store from where the plaintiff fell. To the best of Nickens' knowledge, prior to the plaintiff's fall, there had never been a leak in the roof of the building in the area where the plaintiff fell.

## II.     The Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of establishing that there is no genuine issue of material fact lies upon the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).

In considering a motion for summary judgment, the Court must take all of the evidence submitted by the non-moving party as true, and must draw all reasonable inference in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. Id. at 248, 106 S. Ct. at 2510. The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. Id.

3

Once the moving party presents evidence sufficient to carry its burden under Rule 56, the non-moving party may not rest upon its pleadings, but must affirmatively set forth, by affidavits or otherwise, "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). An entry of summary judgment is mandated if, "after adequate time for discovery and upon motion, [the non-moving party] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322, 106 S. Ct. at 2552. In reviewing the evidence, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52, 106 S. Ct. at 2512.

**III.    Analysis**

To establish a negligence claim under Tennessee law, a plaintiff must prove: (1) a duty of care owed by defendant to plaintiff; (2) conduct falling below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause." McClung v. Delta Square Ltd. P'ship, 937 S.W.2d 891, 894 (Tenn. 1996) (citing McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn. 1995)). "Business proprietors are not insurers of their patrons' safety. However, they are required to use due care under all the circumstances." Blair v. West Town Mall, 130 S.W.3d 761, 764 (Tenn. 2004). An owner or operator of premises can be held liable for negligence in allowing a dangerous condition to exist on the premises only if (1) "the condition was caused or created by the owner, operator, or his agent," or (2) " if the condition was

4

created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident." Id.

In the instant case, there is no evidence that Wal-Mart caused or created the puddle of water in which Ms. Bowling fell. While the plaintiffs argue that Wal-Mart was obligated to manage and repair the roof of the building, there is no evidence before the Court that Wal-Mart was negligent in failing to repair this section of the roof prior to the date of the accident. Because there is no evidence that Wal-Mart caused or created the dangerous condition, the plaintiffs have to show that Wal-Mart had actual or constructive notice of its existence. While the plaintiffs do not offer any proof of actual notice, they argue that Wal-Mart had constructive notice in that "[g]iven the description of the size of the pool of water on the floor and the location of the leak, it is clear that the defendant's employees could not have been making their required inspections." [Doc. 25].

A plaintiff may establish constructive notice in one of two ways. First, the plaintiff may show "that the dangerous or defective condition existed for such a length of time that the defendant, in the exercise of reasonable care, should have been become aware of the condition." Blair, 130 S.W.3d at 764. Second, the plaintiff may show "a pattern of conduct, a recurring incident, or a general or continuing condition indicating the dangerous condition's existence." Id. at 765-66.

In the present case, there is no evidence as to how long the water had been leaking from the roof in the sporting goods department. Moreover, the plaintiffs have presented no evidence that the defendant's employees failed to make their regular inspections or that the water had been on the floor for such a length of time that the defendant's employees should have been aware of it. See Tinsley v. Wal-Mart Stores, Inc., No. 04-5712, 2005 WL 3077131, at *2 (6th Cir. Nov. 16, 2005) ("Without some evidence of how long the liquid was on the floor, [the plaintiff] cannot show

5

that Wal-Mart should have discovered the dangerous condition through regular inspections."). The plaintiffs argue that the size of the puddle and the location of the leak show that the defendant's employees should have discovered the dangerous condition in the course of making their routine inspections of the sporting goods department. However, the Court disagrees. The mere existence of a two-foot to three-foot wide puddle does not indicate that a particular amount of time has passed; the puddle could have been created over the period of ten hours or ten seconds, depending on the amount and rate of the water leaking through the roof.

The Court further finds that the plaintiffs had failed to demonstrate "a pattern of conduct, a recurring incident, or a general or continuing condition." Although the plaintiffs have cited to leaks in the roof in other parts of the store, there is no evidence that any leaks have occurred in the sporting goods department prior to the plaintiff's accident. See Tinsley, 2005 WL 3077131, at *2 ("Even assuming that spills generally occur in Wal-Mart with such frequency, [the plaintiff] has no evidence that spills regularly occur where he fell."); Martin v. Wal-Mart Stores, Inc., No. 03-5857, 2005 WL 2993931, at *2 (6th Cir. Nov. 7, 2005) ("A history of leaks and spills in other departments could not have put Wal-Mart on notice of water accumulating in the health and beauty aids department.").

6

**IV.    Conclusion**

For the foregoing reasons, the Court finds that there is no basis on which a reasonable jury could find that the defendant had constructive notice of this dangerous condition. Accordingly, the Court finds that the defendant Wal-Mart Stores, Inc. is entitled to judgment as a matter of law. The defendant's Motion for Summary Judgment [Doc. 19] will be **GRANTED**.[1]

**ORDER TO FOLLOW.**

ENTER:

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge

---

[1] The plaintiffs requested that the Court reserve ruling on the defendant's motion until the plaintiffs had received their requested discovery from the defendant. The Court has deferred ruling on the motion until now in order to allow the parties to complete their discovery and to allow the plaintiffs to supplement their response, if necessary.

7