UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TAMMY RENNA BOWLING and<br>TONY BOWLING,<br><br>        Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>        Defendant. | No. 3:03-CV-367<br>(Shirley) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 5]. Before the Court is the plaintiffs' Motion Pursuant to Rule 59(e) to Alter the Judgment. [Doc. 34]. The Court held a hearing on this motion on February 17, 2006.

The plaintiffs Tammy and Tony Bowling ask the Court to reconsider its ruling and to deny the defendant's motion for summary judgment. For grounds, the plaintiffs argue that there are genuine issues of material fact which should be considered by a jury. In support of their motion, the plaintiffs submit the deposition of Teresa Bailey; the defendant's response to interrogatories; and documents regarding roof specifications of the defendant's building. [Doc. 34].

The defendant Wal-Mart Stores, Inc. ("Wal-Mart") opposes the plaintiffs' motion, arguing that the plaintiffs have not presented any new evidence to suggest that Wal-Mart had either actual or constructive knowledge of the leak that allegedly caused the plaintiff to fall. The defendant argues that the plaintiffs have had three years to investigate their case; that Wal-Mart has fully

complied with all of the plaintiffs' discovery requests; and that the Court has been more than indulgent in allowing the plaintiffs to respond to Wal-Mart's motion for summary judgment. Accordingly, the defendant argues, the plaintiffs' motion should be denied. [Doc. 38].

I.      BACKGROUND

This is a slip-and-fall action which was filed on January 6, 2003. The matter was initially scheduled for trial on May 10, 2004. The plaintiffs requested three continuances of this matter, which were granted. On August 30, 2005, the plaintiffs filed a fourth request for a continuance of the trial date. [Doc. 18]. On that same day, the defendant filed its motion for summary judgment. [Doc. 19]. On September 28, 2005, the plaintiffs moved for additional time to file a response to the defendant's motion for summary judgment. [Doc. 23]. The Court granted that request and gave the plaintiffs until October 14, 2005 to file a response. [Doc. 24]. In their response, the plaintiffs asked that the defendant's motion be denied. In the alternative, the plaintiff requested that the Court reserve ruling on the motion "until such time as defendant's counsel produces certain documents and the names of certain witnesses known only to the defendant so that the plaintiff might supplement this response." [Doc. 25].

The Court held a telephone conference with counsel on November 1, 2005 regarding the status of the case. During that conference, the Court continued the trial until February 21, 2006 and set a pretrial conference date of January 30, 2006. The plaintiffs advised that the defendant had produced the names of witnesses as requested, so the Court gave the plaintiffs an additional thirty days to complete discovery with respect to these witnesses. The parties were further instructed to obtain the plaintiff's impairment rating, complete all depositions for proof, and engage in mediation prior to the pretrial conference date. [Doc. 26].

2

The plaintiffs did not file a supplemental brief or response, and on December 28, 2005, the Court entered an Order granting the defendant's motion for summary judgment. [Docs. 32, 33].

The plaintiffs first take issue with the timing of the Court's ruling. They argue that they had assumed that the Court would not rule on the defendant's motion for summary judgment until the date of the pretrial conference, January 30, 2006. At the hearing on the motion to reconsider, the plaintiffs conceded that the Court had the right to rule on the summary judgment motion prior to the pretrial conference. However, the plaintiffs now ask the Court to consider certain evidence which they obtained after their response to the summary judgment motion was filed.

The plaintiffs first contend that there is a genuine issue of material fact as to whether Wal-Mart followed its own policies in checking floors on a regular basis. In support of this assertion, the plaintiffs rely upon the deposition of Teresa Bailey, which was taken on November 16, 2005. Ms. Bailey has worked at the subject Wal-Mart for approximately 13 years and was disclosed as a person who was working in the sporting goods department on the day that the plaintiff fell. Ms. Bailey testified that she was trained to check the floors every time that she walked through the store and that if she saw something on the floor, she was to clean it up. [Bailey Dep. at 11]. Ms. Bailey also testified that employees were expected to conduct safety sweeps a couple of times during their eight-hour shift to check the shelves for protruding objects and to check the floors for trip hazards. [Id. at 12-13]. Ms. Bailey stated that she believes she worked the 7:00 a.m. to 4:00 p.m. shift on the day in question and therefore was not present when the plaintiff fell. The other

3

employee assigned to the sporting goods department that day was John Crowley.[1] [Id. at 26]. Ms. Bailey testified that unless someone was ill, there were supposed to be at least two employees at all times in the sporting goods department. [Id. at 16].

The plaintiffs further rely upon Mr. Hammond's deposition, which was submitted in support of the plaintiffs' response to the summary judgment motion, in support of their argument. In his deposition, Mr. Hammond described that the water came from the ceiling to the top of the shelving, down the shelving and onto the floor. [Hammond Dep. at 43]. The plaintiffs argue that "[i]f the leak was occurring above the shelving, then it would have been clearly visible to employees working in sporting goods but no employees were present to observe the hazard or clean up the same in clear violation of the management directives . . . ."

As the Court noted in its prior opinion [Doc. 32], the issue in this case is whether Wal-Mart "had actual or constructive notice that the condition existed prior to the accident." Blair v. West Town Mall, 130 S.W.3d 761, 764 (Tenn. 2004). Absent actual notice – of which there is no evidence in this case – the plaintiff must establish constructive notice, which may be proved in one of two ways: (1) by showing "that the dangerous or defective condition existed for such a length of time that the defendant, in the exercise of reasonable care, should have become aware of the condition" or (2) by showing "a pattern of conduct, a recurring incident, or a general or continuing

---

[1] Mr. Crowley no longer works for Wal-Mart. The defendant could not produce an address for him, and Ms. Bailey was not aware of where he is living or working. The plaintiffs argue that they presumed that they had until the final pretrial conference to continue to look for Mr. Crowley and obtain whatever information he might have concerning the incidents leading up to Ms. Bowling's fall. The Court disagrees with the plaintiffs' presumption that they had the luxury to wait until the pretrial conference to locate this witness. Moreover, there is no indication in the record that the plaintiffs have attempted to locate Mr. Crowley in the past three years that this case has been pending.

4

condition indicating the dangerous condition's existence." Id. at 764-66. Ms. Bailey's deposition testimony does not assist the plaintiffs in meeting this burden. The plaintiffs' proof is still missing a critical element: there is no proof that the dangerous condition – *i.e.*, the water puddling on the floor – existed for such a length of time that the defendant should have become aware of the condition. See Tinsley v. Wal-Mart, No. 04-5712, 155 Fed. Appx. 196, 198 (6th Cir. Nov. 16, 2005) ("Without some evidence of how long the liquid was on the floor, [the plaintiff] cannot show that Wal-Mart should have discovered the dangerous condition through regular inspections.").

Nor have the plaintiffs produced any evidence indicating that the roof leak was a recurring incident or a general or continuing condition. The plaintiffs, relying upon the roof specifications produced by the defendant, argue that the roof was "clearly out of warranty" and that it "had experienced an earlier leak." Based on this evidence, the plaintiffs contend, a jury could consider that Wal-Mart had failed to properly maintain the roof and that the earlier leak was notice that the roof needed "total repair." The Court disagrees. As the Court indicated in its earlier opinion [Doc. 32], the plaintiffs have produced no evidence that any leaks had occurred in the sporting goods department prior to the plaintiff's accident. See id. ("Even assuming that spills generally occur in Wal-Mart with such frequency, [the plaintiff] has no evidence that spills regularly occur where he fell."); Martin v. Wal-Mart Stores, Inc., No. 03-5857, 159 Fed. Appx. 626, 629 (6th Cir. Nov. 7, 2005) ("A history of leaks and spills in other departments could not have put Wal-Mart on notice of water accumulating in the health and beauty aids department.").

The plaintiffs argue that given the size of the puddle, especially in light of the fact that the water was dripping down from the ceiling on to the shelving, "a jury could easily draw a conclusion that the leak had been occurring for some time." As the Court noted in its opinion

5

granting summary judgment, however, "[t]he mere existence of a two-foot to three-foot wide puddle does not indicate that a particular amount of time has passed; the puddle could have been created over the period of ten hours or ten seconds, depending on the amount and rate of the water leaking through the roof." [Doc. 32]. Evidence that the puddle was created as a result of water dripping from the shelving to the floor does nothing to change that.

The plaintiffs further object that the defendant has not produced all of the photographs of the accident scene. Mr. Hammond noted in his deposition that the incident report states that twelve pictures were taken of the accident scene; however, only two pictures were produced. Defendant's counsel stated at the hearing the defendant has produced all photographs in its possession, and that either the reference to twelve photographs was a mistake or ten photographs were thrown away. It appears to the Court that all of the photographs that are in the defendant's possession have been produced. In any event, these allegedly missing photographs (assuming they exist) would not aid the plaintiffs in establishing that the puddle of water existed for such a period of time as to provide constructive notice to the defendant of the dangerous condition. As the Court noted earlier, the size of the puddle alone is not sufficient to provide such notice. The Court finds no basis to deny summary judgment on the grounds that these photographs were not produced.

Finally, the plaintiffs cite <u>Abney v. Wal-Mart Stores, Inc.</u>, No. 97-5014, 1998 WL 80183 (6th Cir. 1998) in support of their motion to alter or amend. In <u>Abney</u>, the plaintiff slipped in a spill of what appeared to be soda. There was evidence that at the time of the plaintiff's fall, the spill had already begun to dry and required scrubbing to clean. The Court found that a jury could have reasonably relied on this evidence to establish liability. <u>Id.</u> at *4. In the instant case, unlike <u>Abney</u>, there is no evidence that the puddle was beginning to dry, nor was there any other indication

of the length of time that this puddle existed prior to the plaintiff's fall. The rationale of <u>Abney</u>, therefore, is inapplicable to the present case.

In conclusion, the Court finds that the plaintiffs have had ample opportunity to oppose the defendant's motion for summary judgment but have failed to produce evidence to create a genuine issue of material fact as to whether the defendant had actual or constructive notice of the dangerous condition that caused the plaintiff's fall. Accordingly, Plaintiffs' Motion Pursuant to Rule 59(e) to Alter the Judgment [Doc. 34] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge